UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID N. BAKER, | : | Case No. 1:07-cv-425 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| ALDI INC., | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE (Doc. 3) BE CONSTRUED AS A NOTICE OF VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1); AND (2) THIS CASE BE DISMISSED WITHOUT PREJUDICE**

Plaintiff filed his complaint in this employment discrimination case on June 1, 2007, more than 120 days ago. The record, however, contains no indication that the named Defendant has waived service of process or that Plaintiff has served the named Defendant with a summons or with a copy of the complaint.

On October 3, 2007, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of prosecution based on his failure to serve the named defendant with the summons and complaint. (*See* Doc. 2). On October15, 2007, Plaintiff filed the following response to the Order To Show Cause:

> For the record, I have decided to let the Lord, my God, fight this battle. He alone has the final say in this matter, and has the power to do what no man can do, and to bring to naught every device of the hearts of men.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

(Doc. 3.)

>Rule 41 of the Federal Rules of Civil Procedure provides in part as follows:
>
>[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed. R. Civ. P. 41(a)(1).

Plaintiff's statement indicates a clear intention not to proceed in this matter at this time, and, as no answer or motion has been filed by an adverse party, the conditions of Rule 41(a)(1) have been met.

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's response to the Order To Show Cause (Doc. 3) be **CONSTRUED** as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1); and that this case be **DISMISSED WITHOUT PREJUDICE.**

Date: 10/24/07

Timothy S. Black
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID N. BAKER, | : | Case No. 1:07-cv-425 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| ALDI INC., | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).